UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL MCENTEE, ET AL                    CIVIL ACTION

VERSUS                                    NO: 07-4802

STATE FARM FIRE AND CASUALTY              SECTION: J(5)
COMPANY

## ORDER AND REASONS

Before the Court is Defendant State Farm Fire and Casualty Insurance Company's ("State Farm") **Motion to Dismiss (Rec. Doc. 17)** all personal injury and mental anguish claims of Plaintiff Vickie Mcentee. This motion, which is opposed, was set for hearing on February 6, 2008 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that State Farm's motion should denied.

## Background Facts

This action arises out of damages allegedly sustained by Plaintiffs due to Hurricane Katrina. Plaintiff Michael Mcentee timely filed suit against State Farm on August 28, 2007, alleging claims for breach of contract and "mental anguish and/or inconvenience." On December 13, 2007, Mr. Mcentee amended his original Complaint to include his wife, Vickie Mcentee, as

Plaintiff.  State Farm now moves to dismiss Mrs. Mcentee's claims for personal injury/mental anguish as prescribed.

## The Parties' Arguments

State Farm argues that Mrs. Mcentee has failed to state a claim upon which relief can be granted because her claims neither relate back to Mr. Mcentee's original Complaint nor have they been timely filed.  As a result, according to State Farm, they have prescribed.  State Farm contends that Rule 15(c) of the Federal Rules of Civil Procedure was not "intended for a party to add or change party plaintiffs," citing Newell v. Harrison in support.  779 F. Supp. 388, 391-92 (E.D. La. 1991).

Alternatively, State Farm argues that the factors that are to be used by the Court to determine whether a plaintiff can be properly added as a party in an amended complaint are not satisfied in this case.  These factors include:

> (1) the amended claim arises out of the same conduct, transaction, or occurrence as the original;
>
> (2) the defendant knew or should have known of the existence and involvement of the new plaintiff;
>
> (3) the new and old plaintiffs are sufficiently related so that the added party is not wholly new;
>
> (4) the defendant will not be prejudiced in preparing and conducting his defense.

Musgrove v. Glenwood Regional Med. Center, 855 So. 2d 984, 987 (La. App. 2d Cir. 2003).  State Farm argues that neither factor (2) nor factor (4) is satisfied in this case.

According to State Farm, factor (2), knowledge of the "existence and involvement of the new plaintiff," is not

satisfied because State Farm was unaware of any personal injury or mental anguish claims by Mrs. Mcentee.  The original Complaint did not provide notice of her claims against State Farm, and despite having knowledge of the existence of Mrs. Mcentee, her involvement and potential claims were unknown to State Farm.  In support, State Farm cites Musgrove, in which a newly added plaintiff's claims for injuries suffered were disallowed because the claims were not asserted in her husband's original Complaint. 855 So. 2d 984.

State Farm also contends that its case will be prejudiced if Mrs. Mcentee's claims are not dismissed.  According to State Farm, since special prescriptive exceptions were statutorily provided for claims relating to Hurricane Katrina,[1] permitting a plaintiff to circumvent the extended prescriptive deadline and file later--as Mrs. Mcentee did--would prejudice State Farm's case.

In opposition, Plaintiffs argue that all four factors are met and the amendment does relate back to Mr. Mcentee's original Complaint.  Plaintiffs state that State Farm had knowledge of the existence and involvement of Mrs. Mcentee, as evidenced by a letter addressed to both Plaintiffs denying their policy claim. Furthermore, as to any prejudice sustained by State Farm, the amended Complaint was filed three weeks before the deadline to

---

[1] The Legislature statutorily extended the deadline to file claims related to Hurricane Katrina until September 1, 2007.  See La. Rev. Stat. 22:658.3.

file amended pleadings and the work needed to defend against Mr. Mcentee's claims is the same as that for the Mrs. Mcentee.

## **Discussion**

Federal Rules of Civil Procedure 15(c) sets forth the requirements for an amendment to a pleading to sufficiently relate back to the original pleading.  Section (c)(1) provides that "an amendment to a pleading relates back to the date of the original pleading when the law that provides the applicable statute of limitations allows relation back."  Therefore, whether Louisiana law allows relation back, and under what circumstances, is determinative.

The Louisiana Supreme Court has delineated a four-factor test when considering whether an amendment relates back to the original pleading:

> (1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading;
>
> (2) the defendant either knew or should have known of the existence and involvement of the new plaintiff;
>
> (3) the new and the old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated;
>
> (4) the defendant will not be prejudiced in preparing and conducting his defense.

Giroir v. South La. Med. Center, Div. of Hospitals, 475 So. 2d 1040 (La. 1985).  An analysis of each factor is discussed individually.

**A.  Arises out of Same Conduct**

The conduct or occurrence out of which the original Complaint arose is the alleged mishandling of the Mcentees' policy claim by State Farm.  As a result of this mishandling, Mr. Mcentee also claims to have suffered personal injuries in the form of "mental anguish."  Mrs. Mcentee makes no claim that is unrelated to the conduct of State Farm described in the original Complaint, and her alleged personal injuries are the same in nature as her husband's.

**B.  Defendant Knew of the Existence and Involvement of the New Plaintiff**

Knowledge of the existence of Mrs. Mcentee is not contested by State Farm, but her involvement, particularly her personal injuries suffered, is.  Whether a personal injury claim by a new plaintiff can relate back to the original complaint is central here, since the only aspect of Mrs. Mcentee's involvement that is challenged is her personal injuries.

In <u>Giroir</u>, the recorded visitations of children with the decedent in the case was sufficient notice to the defendants that the children could become party to a survivor or wrongful death action based upon the decedent's death. <u>Giroir</u>, 475 So. 2d at 1045.  <u>Musgrove</u>, a case in which the claims of a new plaintiff for loss of consortium were dismissed, is easily distinguished. 855 So.2d 984.  Most significantly, claims that flow directly from the conduct or occurrence have been found to relate back over claims that are indirect, such as loss of consortium.

In the instant case, Mrs. Mcentee was a named insured on the policy and also received a letter addressed to both her and her husband denying their policy claim.  Therefore, State Farm not only knew of Mrs. Mcentee's existence, but was also aware of her involvement, specifically addressing to her a letter of significant importance.

Furthermore, the claims asserted by Mr. Mcentee are the same claims Mrs. Mcentee now asserts as a direct result of State Farm's conduct.  It is reasonable to conclude that State Farm should have known that she would suffer injuries similar to her husband.  Therefore, this Court determines that Mr. Mcentee's filing of the original Complaint was sufficient notice to State Farm that Mrs. Mcentee was involved in the claims underlying this action.

## C. Sufficiently Related

As husband and wife, Mr. and Mrs. Mcentee are sufficiently related.  In Giroir, the court found that the children of the plaintiff, the decedent's surviving spouse, were sufficiently related to the husband's (i.e., their father's) claim.  Accordingly, this Court determines that a wife is sufficiently related to her husband for purposes of an amended Complaint alleging the same nature of damages as those in the original Complaint.

## D. Prejudice

The primary purposes of prescriptive statutes are to provide economic and psychological security and protection from stale

claims. Giroir, 475 So. 2d at 1045. In this case, since the original Complaint was timely filed, State Farm was alerted to the Plaintiff's intention to seek judicial relief before the prescriptive deadline. Although Mrs. Mcentee was added after the deadline, the claims asserted by Mrs. Mcentee arose out of the same conduct or occurrence as Mr. Mcentee's claims. The work that State Farm would need to perform to defend against Mr. Mcentee's claims is the same preparation that would be required to defend against Mrs. Mcentee's claims. Any investigation or discovery that had been completed by the time the amendment was filed would be relevant and useful in the defense against Mrs. Mcentee.

Although it may be argued that the personal injury and/or mental anguish suffered by Mrs. Mcentee is different than that suffered by Mr. Mcentee, and would therefore require more preparation, the nature of the work is the same and the additional investigation or discovery is not sufficiently prejudicial to State Farm's case. Therefore, this Court determines that all claims asserted by Mrs. Mcentee relate back to the filing of the original Complaint. Accordingly,

**IT IS ORDERED** that State Farm's **Motion to Dismiss (Rec. Doc. 17)** is hereby **DENIED.**

New Orleans, Louisiana, this 8th day of February, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE